UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAIM KOWALSKY, on Behalf of Himself and All Others Similarly Situated, | Case No.: 10-CV-02176-LHK |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| v. | |
| HEWLETT-PACKARD COMPANY and DOES 1 Through 100, inclusive, | |
| Defendants. | |

Now before the Court is Defendant Hewlett-Packard Company's ("HP") motion to dismiss Plaintiff Chaim Kowalsky's second amended complaint for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Dkt. No. 53 ("HP's Mot."). After considering HP's motion to dismiss, Plaintiff's opposition, Dkt. No. 54 ("Opp'n"), and HP's reply, Dkt. No. 55 ("Reply"), the Court finds this matter suitable for decision without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the hearing on HP's motion to dismiss, set for August 11, 2011, is hereby VACATED. The August, 11, 2011 Case Management Conference will remain as set for 1:30 p.m. For the reasons stated below, HP's motion to dismiss is DENIED.

**I. Background**

This class action lawsuit arises out of the marketing and sale of allegedly defective HP Office Jet Pro All-in-One printers of the 8500 series ("8500 Printer"). Plaintiff alleges that HP marketed the 8500 Printer as an all-in-one fax, copier, and scanner, Dkt. No. 52, Second Amended

1

1  Complaint ("SAC") ¶¶ 2-3, and represented that the 8500 Printer was capable of scanning and
2  copying documents fed through its 50-sheet automatic document feeder ("ADF") at speeds of 34-
3  35 pages per minute. SAC ¶¶ 4, 28. Plaintiff alleges that, contrary to these representations, the
4  8500 Printer has a defect that causes the printer to randomly skip pages when copying, scanning,
5  and faxing, and that this defect renders the 50-sheet ADF useable for only two to three sheets at a
6  time. *Id.* at ¶ 4.
7  Based on these allegations, among others, Plaintiff's first amended complaint ("FAC")
8  asserted five causes of action under California law: (1) unlawful, unfair, and deceptive business
9  practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §
10 17200 *et seq.*; (2) untrue and misleading advertising in violation of the California False Advertising
11 Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3) violations of the Consumers Legal
12 Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (4) breach of express warranty; and (5)
13 breach of implied warranty of merchantability. This Court has jurisdiction over these claims
14 pursuant to the removal provisions of the Class Action Fairness Act. 28 U.S.C. §§ 1332(d), 1453
15 (2006).
16 On December 13, 2010, the Court issued an order granting in part and denying in part HP's
17 motion to dismiss the FAC. Dkt. No. 35. The Court dismissed the warranty and FAL claims. But,
18 relying in part on statements by California courts that the UCL imposes strict liability, the Court
19 found that Plaintiff could state a claim for affirmative misrepresentations under the UCL and
20 CLRA without necessarily establishing HP's prior knowledge of the defect. *See id.* at 11-13.
21 HP subsequently sought leave to move for reconsideration of the portion of the Court's
22 order denying its motion to dismiss Plaintiff's UCL and CLRA claims based on preexisting and
23 new authority that was not previously brought to the Court's attention. Mot. for Leave to Seek
24 Recons., Dkt. No. 38. On April 15, 2011, the Court exercised its discretion under Federal Rule of
25 Civil Procedure 54(b) to revise its prior order. Order Granting Mot. for Recons., Dkt. No. 48. The
26 Court granted HP's motion for reconsideration because the Court determined that prior federal
27 district court cases required Plaintiff to plead HP's prior knowledge, or reason to know, of the
28 defect. *Id.* 4-9. The Court found that Plaintiff had failed sufficiently to allege facts raising a

2
Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

1    plausible inference that HP knew, or by the exercise of reasonable care should have known, of the
2    alleged defect in the 8500 Printer. *Id.* at 7, 9. The Court granted Plaintiff leave to amend,
3    however, on the basis that "Plaintiff may be able to allege additional facts raising a plausible
4    inference that HP knew, or by the exercise of reasonable care should have known, of the defect."
5    *Id.*
6    Plaintiff filed the SAC on May 16, 2011, keeping the UCL and CLRA claims but dropping
7    the FAL and warranty claims. Dkt. No. 52. The SAC contains additional factual allegations, not
8    included in the FAC, to support Plaintiff's general claim that HP knew of the alleged defect. SAC
9    ¶¶ 28, 69-71. Specifically, Plaintiff alleges that HP's claims regarding the "core functions" of the
10   8500 Printer "could only be verified as accurate through testing of the Printer." SAC ¶ 69(a). "By
11   making these claims, HP indicated that it either performed these tests or was negligent in making
12   claims which lacked any reasonable basis." SAC ¶ 69(b). In addition, Plaintiff alleges that HP
13   makes claims in its advertising and on its website that it tests its printers "using the recognized
14   ISO/IEC 24734 and 24735 standards." SAC ¶ 69(d). "Under the 24735 standard, multiple tests are
15   conducted using repeated scanning of a multi-page document through the printer's ADF. Multiple
16   tests are conducted to confirm these speed claims." *Id.* Moreover, Plaintiff alleges that consumers
17   began complaining of "a recurring page-skipping problem" as early as April 2009, SAC ¶ 69(f),
18   months before Plaintiff bought his 8500 Printer in July 2009. SAC ¶ 30.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In turn, for a complaint to state a claim for relief under Rule 8(a), it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint may "set out 2 or more statements of a claim . . . alternatively or hypothetically . . . ." Fed. R. Civ. P. 8(d). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory,

3

Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In contrast, the heightened pleading requirement of Rule 9(b) does not apply to allegations regarding a defendant's state of mind. Thus, knowledge and intent need only be alleged generally to state a valid claim for fraud. Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1067 (N.D. Cal. 2009).

**III. Discussion**

    **A. Rule 9(b) Pleading Requirement**

As an initial matter, the parties are still in dispute as to which elements of the UCL and CLRA claims are subject to the heightened pleading requirements of Rule 9(b). Quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009), HP argues that "the pleading . . . *as a whole* must satisfy the particularity requirement of Rule 9(b)," including allegations of HP's state of mind. HP's Mot. 6 (emphasis added by HP). Plaintiff argues that Rule 9(b) does not apply at all to the allegations of the SAC because the SAC no longer alleges the former FAL and warranty claims, and the SAC has disclaimed any allegations of actual fraud. Opp'n 3. Plaintiff also argues,

4

in the alternative, that Rule 9(b) does not apply to allegations regarding HP's state of mind. *Id.* at 4. While the Court has already settled these issues in its prior orders, *see* Dkt. Nos. 38 and 48, the reasons are set forth below for the parties' convenience.

HP is correct that Rule 9(b) does apply to the UCL and CLRA claims set forth in the SAC. The Court rejects Plaintiff's argument that the SAC no longer sounds in fraud because it dropped the FAL and warranty claims. Fraud may be alleged explicitly or "by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Plaintiff's remaining UCL and CLRA claims are premised on allegations that HP knew, or should have known, of an inherent design defect in the 8500 Printer and falsely advertised the product, thereby inducing Plaintiff and thousands of putative class members to purchase a defective product. Plaintiff's allegations therefore describe a unified course of fraudulent conduct, and the claims based on this conduct are subject to the heightened pleading requirements of Rule 9(b). *See Kearns*, 567 F.3d at 1125-27 (applying Rule 9(b) to UCL and CLRA claims based on misrepresentations and non-disclosures); Dkt. No. 35, at 5.

On the other hand, Plaintiff is correct that the heightened pleading requirements of Rule 9(b) do not apply to allegations of knowledge, intent, or "other conditions of a person's mind." Fed. R. Civ. P. 9(b). Rule 9(b) explicitly states that scienter "may be alleged generally." *Id.* This does not mean, however, that conclusory allegations of knowledge or intent suffice. *Iqbal*, 129 S.Ct. at 1954. Rather, Rule 9(b) merely excuses a party from pleading scienter under an elevated pleading standard; the "less rigid – though still operative – strictures of Rule 8" must be satisfied. *Id.*; *see also Swingless Golf Club*, 679 F. Supp. 2d at 1067 (concluding that the "non-heightened pleading standard" for knowledge is the "*Iqbal* standard"); Dkt. No. 35, at 6-7.

Therefore, the circumstances of the alleged fraudulent conduct, such as the alleged misrepresentations about the 8500 Printer, are subject to the heightened scrutiny of Rule 9(b), but HP's alleged knowledge of the defect is not. Because HP's motion to dismiss takes aim only at the allegations concerning HP's knowledge, Rule 9(b) does not provide grounds for dismissal.[1]

---

[1] Thus, HP's reliance on *Smith v. National City Bank of Indiana*, 2010 WL 1729392 (N.D. Cal. Apr. 27, 2010), is misplaced. The *Smith* court dismissed the complaint because the plaintiff "failed to set forth what is false or misleading about a statement, and why it is false," not because the

5

Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

### B. HP's Knowledge of Defect

The crux of HP's argument in its latest motion to dismiss is that Plaintiff has failed to plead sufficient additional facts in the SAC to raise a plausible inference that HP knew of the alleged defect when it made the representations to consumers about the 8500 Printer's capabilities. Following other federal district courts' interpretations of California law, this Court previously ruled that Plaintiff must allege that HP knew, or by the exercise of reasonable care should have known, of the alleged defect to support his CLRA and UCL claims. *See* Dkt. No. 48, at 7, 9. Despite Plaintiff's continued protests, the Court's ruling remains unchanged. Plaintiff must plead "facts raising a plausible inference that HP knew, or by the exercise of reasonable care should have known, of the defect." *Id.*

However, the Court agrees with Plaintiff that the SAC alleges sufficient additional facts to raise such a plausible inference. According to Plaintiff, HP claims in its advertising and on its website that it tests its printers using "the recognized ISO/IEC 24734 and 24735 standards" prior to releasing them to the marketplace. SAC ¶ 69(d). The 24735 standard requires multiple tests using repeated scanning of a multi-page document through the printer's ADF. *Id.* Plaintiff also alleges that HP made specific claims "as to the capacity of the ADF and the printing, copying, scanning and faxing speed" of the 8500 Printer in its public statements, advertising and marketing. SAC ¶ 69(a). Finally, Plaintiff alleges, upon information and belief, that the alleged defect was present "out of the box" in every 8500 Printer "and manifested on a regular basis when using the ADF regardless of conditions." SAC ¶ 69(e). These facts, taken as true, raise a plausible inference that HP knew, or by the exercise of reasonable care should have known, of the defect in the 8500 Printer through its pre-market testing procedures before Plaintiff made his July 2009 purchase. Further supporting the inference of HP's actual knowledge of the defect is the fact that consumers

---

plaintiff failed to allege that the defendant had the requisite knowledge. *See* 2010 WL 1729392, at *3. The parties here, by contrast, dispute whether HP had knowledge of the 8500 Printer's defect. If the alleged misrepresentations were at issue, and they are not, the Court would reaffirm its ruling that the SAC alleges "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" with sufficient particularity to survive the 9(b) standard. Dkt. No. 35, at 5-6 (quoting *Swartz*, 476 F.3d at 764).

complained of the defect "both in third-party fora as well as directly to HP" as early as April 2009. SAC ¶ 69(f).[2]

HP complains that these allegations do not "identify with any specificity what such alleged product testing entailed, when it was performed, what it revealed, and when HP obtained the results." Dkt. No. 53, at 11. But Plaintiff is not required to plead the "who, what, when, where, and how" as to the alleged testing of the 8500 Printer because these allegations go to HP's knowledge of the defect, and therefore need only be alleged "generally." Fed. R. Civ. P. 9(b). Even if Rule 9(b)'s heightened pleading standard did apply to these facts, the purpose of Rule 9(b), "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong," is satisfied. *Kearns*, 567 F.3d at 1124 (internal quotations and citation omitted). Here, the charge is that HP knew about the defect from testing the product and falsely advertised to consumers or, alternatively, did not test the product but made specific claims about the product without any reasonable basis for doing so. In either case, the SAC gives HP sufficient notice of the charge in order to defend against it.

In addition, the federal district court cases upon which HP relies, where courts granted motions to dismiss UCL or CLRA claims for failure to allege a defendant's knowledge of an alleged product defect "with specificity," *see* Reply 4-5, are distinguishable, and not controlling here. The plaintiffs in *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HD Television Litigation* failed to "bolster their claims" in their amended complaint that Sony was aware of the alleged product defect in its televisions when all they included were allegations about patent filings by Sony and Sony's experience with predecessor models. 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010). Unlike the patent filings in *Sony*, which did not "evince any knowledge of the defect on Sony's part," *id.* at 1090, the testing here, coupled with the consumer complaints, raises a reasonable inference that HP was aware of the 8500 printer's defect and, not withstanding, made claims to the contrary. In *Baba v. Hewlett-Packard Co.*, the court emphasized that the

---

[2] While the Court previously found these customer complaints insufficient, on their own, to raise a reasonable inference that HP had prior knowledge of the design defect, Dkt. No. 35, at 8-9, when coupled with the SAC's new allegations relating to testing, they support a reasonable inference that HP knew, or by the exercise of reasonable care should have known, of the design defect before Plaintiff purchased the product.

7

Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

amended complaint "ma[d]e *no* averments that HP knew of the alleged defects at the time it sold the computers or at the time it explained the causes of those defects to plaintiffs." No. C 09-05946 RS, 2010 WL 2486353, at *4 (N.D. Cal. June 16, 2010) (emphasis added). In *Brothers v. Hewlett-Packard Co.*, the court also found the complaint defective because the "plaintiff allege[d] *no* contemporaneous facts that HP knew about the alleged defects when plaintiff . . . purchased" the products at issue. No. C-06-02254 RMW, 2006 WL 3093685, at *6 (N.D. Cal. Oct. 31, 2006) (emphasis added). Here, by contrast, Plaintiff has "bolster[ed] [his] claims" by making "averments" and alleging "contemporaneous facts" in the SAC that HP used certain testing procedures on the 8500 Printer that would have uncovered the alleged defect and that consumers complained of the defect as early as April 2009. SAC ¶¶ 69-70.

Finally, *Morris v. BMW of North America*, No. C-07-02827, 2007 WL 3342612 (N.D. Cal. Nov. 7, 2007), does not require dismissal here. *Morris* involved a UCL claim based on a material omission, not an affirmative misrepresentation as is alleged here. Whereas in an omission case, it is impossible to infer what a Defendant knew at the time from its silence, 2007 WL 3342612, at *5-6, here, Plaintiff has alleged that HP's specific representations about the ADF's performance and "printing, copying, scanning and faxing speed" are based on testing and that the testing, along with contemporaneous consumer complaints, would have given HP knowledge about the defect. SAC ¶¶ 69-70.

Accordingly, the Court finds that Plaintiff has alleged sufficient facts to raise a plausible inference that HP knew, or by the exercise of reasonable care should have known, of the alleged defect in the 8500 Printer before Plaintiff purchased one.

**C. Plaintiff's Claims**

Plaintiff's SAC brings two causes of action. The first alleges that HP engaged in unlawful, unfair and deceptive business practices in violation of the UCL, Cal. Bus. & Prof. Code § 17200, *et seq.* (West 2011). The second alleges violations of section 1770(a)(5) of the CLRA, which prohibits the misrepresentation of product characteristics. Cal. Civ. Code § 1770(a)(5) (West 2011).

The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code § 17200. Its coverage has been described as "'sweeping,'" and its standard for wrongful business conduct is intentionally broad. *In re First Alliance Mortg. Co.*, 471 F.3d 977, 995 (9th Cir. 2006) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). Each "prong" of the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (citing *South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316-317 (Cal. Ct. App. 1999)).

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

Generally, the standard for deceptive practices under the fraudulent prong of the UCL applies equally to claims for misrepresentation under the CLRA. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (Cal. Ct. App. 2003). For this reason, courts often analyze the two statutes together. *See, e.g.*, *Paduano*, *v. Am. Honda Motor Co.*, 169 Cal. App. 4th 1453, 1468-73 (Cal. Ct. App. 2009) (analyzing UCL and CLRA claims together); *Neu v. Terminix Int'l, Inc.*, No. C 07-6472 CW, 2008 WL 2951390, at *3-4 (N.D. Cal. July 24, 2008) (analyzing UCL, FAL, and CLRA claims together); *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2010 WL 4055954, at *11-12 (N.D. Cal. Oct. 14, 2010) (analyzing UCL, FAL, and CLRA claims together). For the reasons stated below, the Court finds that Plaintiff has adequately stated his claims under the CLRA and each of the three prongs of the UCL.

### 1. Fraudulent Prong of UCL and CLRA

Following the direction of the California courts and federal court decisions applying California law, this Court will analyze the sufficiency of Plaintiff's CLRA claim together with the claim under the fraudulent prong of the UCL. That is, the CLRA claim stands or falls along with the claim under the fraudulent prong of the UCL.

To state a claim under the fraudulent prong of the UCL, a plaintiff must show that members of the public are likely to be deceived by the business practice or advertising at issue. *Freeman v.*

9
Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

1    *Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Pfizer Inc. v. Superior Ct.*, 182 Cal. App. 4th 622, 630
2    (Cal. Ct. App. 2010). A UCL violation for fraudulent business practices is distinct from common
3    law fraud and does not require allegations of actual deception, reasonable reliance, and damage.
4    *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (Cal. Ct. App. 2006). California's
5    Supreme Court and its appellate courts have stated generally that the UCL "imposes strict
6    liability." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 181 (2000); *Paduano*,
7    169 Cal. App. 4th at 1468; *South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. at
8    309.

9    However, California courts have not always applied the language of strict liability to
10   product defect claims like the one presented here. *See, e.g.*, *Klein v. Earth Elements, Inc.*, 59 Cal.
11   App. 4th 965, 970 (Cal. Ct. App. 1997). In addition, when federal district courts applying
12   California law have considered fraudulent prong claims under the UCL based on representations
13   about defective products, they have generally required a plausible showing that the defendant
14   knew, or by the exercise of reasonable care should have known, of the alleged defect when it made
15   the representations alleged to be deceptive. *See, e.g.*, *In re Sony Grand Wega*, 2010 WL 4892114,
16   at *6 ("Plaintiffs have failed to offer sufficiently particularized allegations showing that Sony was
17   aware of the defect when Plaintiffs purchased the televisions."); *Neu*, 2008 WL 2951390, at *3
18   (dismissing UCL claim on grounds that plaintiff "fail[ed] sufficiently to allege that Defendants
19   knew their termite prevention plan to be faulty at the time the statements were made"); *see also*
20   Dkt. No. 48, at 7 & n.4 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)). Similarly, a
21   representation will not violate the CLRA if a defendant did not know, or have reason to know, of
22   the facts that rendered the representation misleading at the time it was made. *See Neu*, 2008 WL
23   2951390, at *3-4 (dismissing CLRA and UCL claims together).

24   HP argues for dismissal of the UCL fraudulent prong and CLRA claims almost exclusively
25   on the basis that the SAC does not plausibly support an inference that HP knew of the alleged
26   defect.[3] For the reasons already discussed, the Court finds that Plaintiff has alleged sufficient

---

[3] To the extent that HP attacks the sufficiency of Plaintiff's complaint for pleading knowledge in the alternative, Mot. 12, Reply 5 (faulting Plaintiff's "equivocal formulation"), pleading in the alternative is expressly permitted by Rule 8, which governs allegations of knowledge. Fed. R. Civ.

10
Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

additional facts to raise a plausible inference of HP's knowledge and accordingly DENIES HP's motion as to these claims.

### 2. Unfair Prong of UCL

"A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (Cal. Ct. App. 2006). In determining whether a practice is unfair, California courts examine the practice's impact on its alleged victim and balance that impact against the reasons, justifications, and motives of the alleged wrongdoer. *Id.*

Plaintiff claims that consumers were injured because "Defendant made material claims in its advertising and marketing regarding the Printers, claims which it either knew to be false or misleading, or which had no reasonable basis." SAC ¶ 82. Furthermore, the SAC alleges that, separate and apart from HP's deceptive pre-sale representations, HP's post-sale conduct was also unfair under the UCL. SAC ¶ 86. Specifically, Plaintiff alleges that, while HP was receiving numerous complaints about the 8500 Printer from consumers, SAC ¶¶ 40-52, and even acknowledged the defect on its website, SAC ¶ 56, HP provided customers with only an ineffective "workaround" solution, SAC ¶ 57, and provided Plaintiff with the same model printer twice under the printer's warranty, with each replacement printer manifesting the same defect. SAC ¶ 58. Plainttiff's allegation is that this post-sale conduct towards "unsuspecting consumers constitutes conduct that is immoral, unethical, oppressive or unscrupulous" under the UCL. SAC ¶ 86.

HP attacks these allegations by repeating its argument that pre-sale knowledge is required to state a claim under the unfairness prong. *See* Reply 10-11. Even if knowledge were a requirement under this prong of the UCL, and this Court does not so hold, as discussed above, Plaintiff has sufficiently alleged knowledge. Thus, the Court DENIES HP's motion to dismiss Plaintiff's claim under the unfairness prong of the UCL.

---

P. 8(d). And to the extent that HP argues that Plaintiff's "testing related allegations are implausible" because "[n]either of Plaintiff's prior complaints so much as mentioned testing," Mot. 11-12, the Court is not persuaded that alleging additional facts, when the Court has granted leave to do so, should result in an inference of implausibility.

11
Case No.: 10-CV-02176-LHK
ORDER DENYING MOTION TO DISMISS

### 3. Unlawful Prong of UCL

The unlawful prong of the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180 (quotation marks and citations omitted). By proscribing "any unlawful" business practice, Cal. Bus. & Prof. Code § 17200, the UCL allows injured consumers to "borrow" violations of other laws and treat them as unfair competition that is independently actionable. *Id.* Plaintiff's SAC borrows the CLRA to support his theory of liability under the unlawful prong. Because the Court finds that Plaintiff plausibly states a claim for relief under the CLRA, Plaintiff also states a plausible claim under the unlawful prong of the UCL. Therefore, the Court DENIES HP's motion to dismiss Plaintiff's claim under the unlawful prong of the UCL.

## IV. Conclusion

Because Plaintiff has alleged sufficient additional facts in the SAC to support a plausible inference that HP had knowledge of the alleged defect prior to Plaintiff's purchase of the 8500 Printer, this Court DENIES HP's motion to dismiss Plaintiff's UCL and CLRA claims. Accordingly, the hearing set for August 11, 2011 at 1:30 p.m. is hereby VACATED. The August 11, 2011 Case Management Conference remains as set at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: August 10, 2011

_____
LUCY H. KOH
United States District Judge