UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAIM KOWALSKY, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD CO. and DOES 1 Through 100, inclusive,<br><br>    Defendants. | Case No.: 10-CV-02176-LHK<br><br>ORDER DENYING MOTION TO FILE UNDER SEAL |

On January 6, 2012, Plaintiff filed a motion, pursuant to Civil Local Rule 79-5(b), for leave to file under seal certain exhibits attached to the Declaration of Joel Elkins in Support of Plaintiff's Motion for Class Certification. ECF No. 76. Plaintiff states that he intends to file "portions of the Memorandum, and certain of the Exhibits to the Declaration, under seal, as they incorporate or otherwise cite to documents produced by Defendant to Plaintiff in this action which Defendant has designated as confidential" pursuant to the parties' proposed protective order. Specifically, Plaintiff seeks to file Exhibits B-C, and I-X under seal, in their entirety, on the ground that these exhibits have been designated "restricted information" or "restricted outside counsel only information" pursuant to the parties' proposed protective order.

Pursuant to Civil Local Rule 79-5(d), when a party seeks to file a document designated confidential by another party, the designating party must, within 7 days, "file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." More than 7 days have passed since Plaintiff filed his motion, and HP has not filed any declaration regarding Plaintiff's motion to file under seal.

1

1   Moreover, the Court has reviewed the exhibits proposed to be sealed and finds that some of
2   these are not sealable. Specifically, Exhibit T is product packaging and does not bear any
3   confidentiality designation. Exhibits U and V bear the designation "restricted," but they appear to
4   be advertisements that were available to the public. HP must explain why these exhibits should be
5   sealed, or withdraw the confidentiality designations.

6   Finally, the Court notes that Plaintiff has not indicated what portions of the memorandum
7   he intends to file under seal. Pursuant to Civil Local Rule 79-5(c)(3), Plaintiff was required to
8   identify "by notations or highlighting" the portions of the memorandum he intended to file under
9   seal. Pursuant to the Court's standing order of December 1, 2011, Plaintiff was also required to
10  publicly e-file a proposed redacted version of the memorandum.

11  The Court ORDERS that the following take place by 5:00 p.m. on January 25, 2012:
12  (1) Plaintiff shall meet and confer with Defendant and e-file a public proposed, narrowly tailored,
13  redacted version of the memorandum; and (2) Defendant shall file its declaration pursuant to Civil
14  Local Rule 79-5(d). Furthermore, the parties shall consult and comply with Civil Local Rule 79-5,
15  General Order 62, and the Court's December 1, 2011 standing order in all future administrative
16  motions to file under seal. Accordingly, Plaintiff's motion to file under seal is DENIED without
17  prejudice.

19  **IT IS SO ORDERED.**

20  Dated: January 18, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge