UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAIM KOWALSKY, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, and DOES 1 Through 100, inclusive,<br><br>Defendant. | Case No.: 5:10-cv-02176-LHK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS |

Before the Court is Plaintiff Chaim Kowalsky's ("Plaintiff") Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23 ("Class Certification Motion"), filed January 6, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument. Accordingly, the hearing on the motion set for March 15, 2012, is hereby VACATED. The case management conference set for March 15, 2012, at 1:30 p.m., remains as set. Having considered the parties' submissions and the relevant case law, the Court DENIES WITHOUT PREJUDICE Plaintiff's Class Certification Motion for the reasons set forth below.

1

Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

## I. Administrative Motions Related to Plaintiff's Class Certification Motion

As an initial matter, also before the Court are five administrative motions related to Plaintiff's Class Certification Motion: three administrative motions to file documents under seal, ECF Nos. 76, 91, 94; one to remove incorrectly filed documents, ECF No. 83; and one for leave to file a surreply memorandum in opposition to Plaintiff's motion for class certification. The Court addresses these administrative motions first before turning to the merits of Plaintiff's Class Certification Motion.

### A. Governing Rules

Pursuant to Civil Local Rule 79-5(a), an order authorizing the sealing of a particular document or portion of a particular document "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."

Pursuant to Civil Local Rule 7-3(d) "no additional memoranda . . . may be filed without prior Court approval."

### B. Plaintiff's First Administrative Motion to File Under Seal

On January 6, 2012, Plaintiff filed a motion ("Plaintiff's first sealing motion"), pursuant to Civil Local Rule 79-5(b), for leave to file under seal portions of the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification ("Memorandum") and certain exhibits attached to the Declaration of Joel Elkins in Support of Plaintiff's Motion for Class Certification ("Elkins Declaration"). ECF No. 76. Specifically, Plaintiff sought to file under seal Exhibits B through C and I through X of the Elkins Declaration.

On January 18, 2012, the Court denied Plaintiff's first administrative motion without prejudice because Defendant Hewlett-Packard Company ("HP") failed to file a declaration regarding Plaintiff's motion to file under seal within 7 days, as required by Civil Local Rule 79-5(d). ECF No. 78. The Court also found that Exhibits T, U, and V were not sealable because they did not bear confidentiality designations or were otherwise available to the public. *Id.* Finally, the

2

Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

1  Court denied Plaintiff's motion because Plaintiff failed to indicate what portions of the

2  Memorandum he sought to file under seal. *Id.*

3  On January 25, 2012, pursuant to the Court's January 18, 2012 Order, Plaintiff filed revised

4  proposed redacted versions of Plaintiff's Memorandum and exhibits to the Elkins Declaration.

5  ECF No. 80.  HP also submitted the Declaration of Jonathan R. Sturz in Support of Plaintiff's

6  Administrative Motion to Seal Pursuant to Local Rule 79-5(d) ("Sturz Decl."), ECF No. 84,

7  wherein HP withdrew the confidentiality designation as to Exhibits K, M through N, and T through

8  X. *Id.* Accordingly, Plaintiff shall publicly e-file Exhibits K, M through N, and T through X to the

9  Elkins Declaration.  Thus, the Court considers whether it is appropriate to file under seal the

10  proposed redacted portions of Plaintiff's Memorandum and the entirety of Exhibits B through C, I,

11  J, L, and O through S.

12  The Court has reviewed the proposed redactions to Plaintiff's Memorandum and concludes

13  that the proposed redactions are sealable.  The proposed redactions contain HP's confidential

14  product development information, the disclosure of which could harm HP's competitive advantage

15  in the marketplace.

16  The Court has also reviewed the relevant exhibits to the Elkins Declaration and rules as

17  follows.  Exhibit B is an excerpt of a log of HP's customers' complaints regarding HP's products.

18  The Court finds that this exhibit is not properly sealable in its entirety.  To the extent that Plaintiff

19  seeks to file under seal the substance of the customers' complaints, these complaints are not

20  confidential, "because they are known by third parties—the customers reporting the complaints."

21  *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 924 (D. Nev. 2006).  However, Exhibit B is

22  sealable to the extent that it contains HP's customers' personal information.  For example, page 10

23  of Exhibit B contains a customer's personal email address, and page 11 contains a customer's name

24  and phone number.  Accordingly, Plaintiff must file a revised proposed redacted version of Exhibit

25  B that redacts only HP's customers' personal information including name, address, phone number,

26  and email address.

The Court has determined that Exhibit C, a summary of HP's sales data, is sealable in its entirety because it contains HP's confidential pricing and sales information, the disclosure of which could harm HP's competitive advantage in the marketplace. Exhibit I, an email sent internally within HP, is sealable in its entirety because it contains HP's confidential financial data, including warranty impact estimates. Exhibits L and P are sealable in their entirety because they contain HP's propriety firmware code information. Exhibits J, O, Q, R, and S are likewise sealable in their entirety because they contain HP's confidential product testing and evaluation process. Furthermore, all of these exhibits contain information from documents or are documents that were designated "Restricted Information" or "Restricted Outside Counsel Only Information" under the Protective Order.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's first sealing motion. The Court GRANTS the motion as to the proposed redactions of Plaintiff's Memorandum and as to Exhibits C, I, J, L, and O through S to the Elkins Declaration in their entirety. Plaintiff shall e-file under seal the redacted Memorandum and Exhibits C, I, J, L, and O through S. The Court DENIES the motion, without prejudice, as to Exhibit B to the Elkins Declaration. Plaintiff shall file a renewed motion to file Exhibit B under seal and amended proposed redactions by 5:00 p.m. on March 19, 2012.

**C. Plaintiff's Motion to Remove Incorrectly Filed Documents**

On January 25, 2012, Plaintiff filed a motion to remove two incorrectly filed documents from the ECF system. ECF No. 83. Specifically, Plaintiff sought to remove Exhibits 2B and 2C to ECF No. 80, which correspond to Exhibits B and C to the Elkins Declaration. Plaintiff inadvertently e-filed these two exhibits publicly, even though HP had designated the information contained in these exhibits as "Restricted Information" and "Restricted Outside Counsel Only Information" under the Protective Order. ECF Nos. 83, 84. As discussed above, Plaintiff filed an administrative motion to file these two exhibits under seal. Thus, under Civil Local Rule 79-5 and General Order 62, Plaintiff was required to lodge these documents with the Court rather than filing them electronically.

4
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

1    Accordingly, the Court GRANTS Plaintiff's motion to remove Exhibits 2B and 2C to ECF

2   No. 80.  However, as discussed above, Exhibit 2B is not sealable in its entirety.  Accordingly,

3   Plaintiff shall publicly e-file a proposed public redacted version of Exhibit B of the Elkins

4   Declaration as an exhibit to its renewed motion to file under seal pursuant to the Court's December

5   1, 2011 Standing Order Regarding Motions to File Under Seal.

### D. Plaintiff's Second Administrative Motion to File Under Seal

On February 24, 2012, Plaintiff filed a second motion to file under seal ("Plaintiff's second sealing motion").[1]  Specifically, Plaintiff seeks to file under seal portions of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion for Class Certification ("Reply Brief") and the entirety of Exhibits A, C, and D to the Supplemental Declaration of Joel Elkins in Further Support of Plaintiff's Motion for Class Certification ("Supplemental Elkins Declaration").  ECF No. 94.  On March 1, 2012, HP filed the Declaration of Jonathan R. Sturz in support of Plaintiff's motion to seal in accordance with Civil Local Rule 79-5(d) ("Second Sturz Decl.").  ECF No. 96.

The Court has reviewed the Reply Brief and Exhibits A, C, and D to the Supplemental Elkins Declaration.  The Court finds that Exhibits A, C, and D -- internal HP emails -- are not sealable in their entirety.  As discussed above, the information from HP's interactions with its customers is not confidential, *see Saini*, 434 F. Supp. 2d at 924, and are therefore not sealable.  However, the portions of these documents that reveal HP's confidential product testing and evaluation process are sealable.  Thus, Plaintiff's second sealing motion is DENIED WITHOUT PREJUDICE as to Exhibits A, C, and D to the Supplemental Elkins Declaration.  Plaintiff shall meet and confer with HP and file, by 5:00 p.m. on March 19, 2012, a renewed motion redacting only information related to HP's confidential product testing and evaluation process.  HP shall file its declaration pursuant to Civil Local Rule 79-5(d) by March 20, 2012.

The Court has reviewed the proposed redactions to Plaintiff's Reply Brief and finds that the proposed redactions are not sealable.  HP argues that the information quotes from and references

---

[1] Although Plaintiff styled the motion as an administrative motion pursuant to Civil Local Rule 79-5(b), the motion is properly analyzed under Civil Local Rule 79-5(d), which governs the filing of a document designated confidential by another party.

5
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

Exhibits A, C, and D to the Supplemental Elkins Declaration, and is therefore sealable. The Court finds, however, that none of the quoted or referenced information relates to HP's confidential testing and evaluation process or is otherwise sealable. For example, page 5, line 24 quotes from Exhibit K to the Elkins declaration, for which HP has withdrawn the confidentiality designation. Sturz Decl. ¶ 16. Accordingly, Plaintiff's second sealing motion is DENIED WITH PREJUDICE as to Plaintiff's Reply Brief. Plaintiff shall publicly e-file his Reply Brief by 5:00 p.m. on March 19, 2012.

### E. HP's Administrative Motion to File Under Seal

On February 10, 2012, HP filed a motion ("HP's sealing motion"), pursuant to Civil Local Rule 79-5(b) & (c). Specifically, HP seeks to file the following under seal: (1) portions of Hewlett-Packard Company's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Class Certification ("Opposition"); (2) the Declaration of Jacqueline Chua ("J. Chua Declaration") and Exhibit A thereto; (3) the Declaration of Leong Soon Chua ("Leong Soon Declaration") and Exhibits A, B, D, and E thereto; (4) the Declaration of Shyh Chije Leong ("Shyh Chije Declaration") and Exhibits A through G thereto; and (5) portions of the Declaration of Blaine H. Evanson ("Evanson Declaration"). ECF No. 91.

The Court has reviewed the materials and rules as follows. The J. Chua Declaration and Exhibit A thereto are sealable in their entirety because they contain HP's confidential and sensitive business information, the disclosure of which could harm HP's competitive advantage in the marketplace. Specifically, the declaration discusses the total number of 8500 printers HP shipped for sale in North America between January 2009 and April 2010, as well as confidential information regarding HP's product testing and evaluation. Exhibit A of the J. Chua Declaration contains confidential pricing and sales information and was designated "Restricted Outside Counsel Only Information" under the Protective Order. Accordingly, HP's sealing motion is GRANTED as to the J. Chua Declaration and Exhibit A thereto.

The Leong Soon Declaration and Exhibits A, B, D, and E thereto are sealable in their entirety because they contain HP's confidential and sensitive business information, the disclosure

of which could harm HP's competitive advantage in the marketplace. Specifically, the Leong Soon Declaration contains confidential information about HP's product testing and evaluation process. Exhibit A to the Leong Soon Declaration is a table containing confidential information about HP's product testing and evaluation process and was designated "Restricted Outside Counsel Only Information" under the Protective Order. Exhibits B, D, and E are internal HP emails containing confidential information about HP's product testing and evaluation procedures and were designated "Restricted Outside Counsel Only Information" under the Protective Order. Accordingly, HP's sealing motion is GRANTED as to the Leong Soon Declaration and Exhibits A, B, D, and E thereto.

The Shyh Chije Declaration and Exhibits A through G thereto are also sealable in their entirety because they contain confidential and sensitive business information, the disclosure of which could harm HP's competitive advantage in the marketplace. Specifically, the Shyh Chije Declaration contains confidential information about HP's product testing, development, and evaluation processes. Exhibits A through G contain the relevant portions of various test results on HP's 8500 Printer and were all designated either "Restricted Information" or "Restricted Outside Counsel Only Information" under the Protective Order. Accordingly, HP's sealing motion is GRANTED as to the Shyh Chije Declaration and Exhibits A through G thereto.

Paragraph 19 of the Evanson Declaration is not sealable in its entirety. Paragraph 19 contains confidential and sensitive information about HP's sales, which was designated "Restricted Counsel Only Information" under the Protective Order. However, as discussed above, the data regarding customer complaints in Paragraph 19 are not confidential, *see Saini*, 434 F. Supp. 2d at 924, and are therefore not sealable. Accordingly, HP's sealing motion as to Paragraph 19 of the Evanson Declaration is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. HP shall file, by 5:00 p.m. on March 19, 2012, a renewed motion and amended proposed redactions to Paragraph 19 of the Evanson Declaration that redact only HP's confidential sales information.

7
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

Finally, the Court has reviewed HP's proposed redactions of HP's Opposition and finds that the proposed redactions are narrowly tailored and sealable because they quote from or otherwise reference information that has been found sealable above, with one exception: on page 8, line 19, the number of complaints received is not confidential business information, and is therefore not sealable. Accordingly, HP's sealing motion is DENIED WITH PREJUDICE as to the proposed redactions on page 8, line 19, and GRANTED as to all other proposed redactions. Plaintiff shall publicly e-file a redacted opposition brief consistent with this Order.

### F. HP's Motion for Leave to File a Surreply

On March 1, 2012, HP filed a motion for leave to file a surreply pursuant to Civil Local Rule 7-3. ECF No. 95. The Court DENIES HP's motion for leave to file a surreply because it finds additional argument unnecessary to resolve the merits of Plaintiff's motion. Accordingly, the Court does not rely on the arguments in HP's proposed surreply.

## II. Plaintiff's Class Certification Motion

### A. Factual and Procedural Background

This putative class action arises out of the marketing and sale of allegedly defective HP Office Jet Pro all-in-one printer, fax, copier, and scanner of the 8500 series ("8500 Printer"). A more complete factual background is set forth in this Court's Order Denying Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* ECF No. 57. The Court recites only those facts alleged in Plaintiff's Second Amended Complaint ("SAC"), ECF No. 52, necessary for determining Plaintiff's Class Certification Motion.

Plaintiff is a resident of Passaic County, New Jersey. SAC ¶ 9. HP is a California corporation operating and doing business throughout California and the United States, with its principal place of business in Palo Alto, California. *Id.* ¶ 10.

Plaintiff alleges that HP manufactured, marketed, and sold thousands of defective 8500 Printers nationwide, including California, and has made misrepresentations and concealed material information in the marketing, advertising, and sale of those printers. *Id.* ¶ 2.

Specifically, Plaintiff alleges that HP represented that the 8500 Printer had an Automatic

1   Document Feeder ("ADF") with a capacity of 50 pages and had the ability to scan, copy, and fax

2   pages from the ADF at the following speeds: (1) scanning and copying at up to 34 pages per

3   minute in color; (2) scanning and copying at up to 35 pages per minute in black and white; and (3)

4   faxing at approximately 3 pages per minute. *Id.* ¶ 28.

5   Plaintiff alleges that HP knew or should have known that the 8500 Printers were inherently

6   defective and randomly skipped pages when scanning, copying, and faxing pages fed through the

7   ADF. *Id.* ¶ 4. Plaintiff alleges that, as a result of this defect, the ADF is useable for only two to

8   three sheets at a time, *id.* ¶ 4, and that the 8500 Printer is unable to achieve the scanning, copying,

9   and faxing speeds that HP advertised. *Id.* ¶ 67.

10  Plaintiff purchased an 8500 Printer directly from HP's website on or around July 2, 2009.

11  *Id.* ¶¶ 30, 33. Plaintiff alleges that he and other putative class members reasonably relied on HP's

12  representations about the 8500 Printer's ADF capacity and scanning, copying, and faxing speeds

13  when deciding to purchase the 8500 Printer. *Id.* ¶ 72.

14  Plaintiff filed his original complaint in state court on March 30, 2010. ECF No. 1. HP

15  removed the case on May 20, 2010. *Id.* In the SAC, the operative complaint for this motion,

16  Plaintiff asserts claims on behalf of himself and all others similarly situated under the following

17  California statutes: (1) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et*

18  *seq.*, and (2) the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.* ECF

19  No. 52 ¶¶ 75-105. Plaintiff seeks the following remedies: restitution; disgorgement; actual,

20  statutory and punitive damages; injunctive relief; attorneys' fees and costs; and prejudgment

21  interest. *Id.* ¶¶ 24-25. On August 10, 2011, the Court denied HP's motion to dismiss the SAC on

22  August 10, 2011. ECF No. 57.

23  On January 6, 2012, Plaintiff moved to certify a nationwide class for the claims asserted

24  under the UCL and the CLRA. ECF No. 71. Plaintiff defines the proposed class as follows:

25  All persons residing in the United States who purchased an HP Office Jet Pro All-in-One printer in the 8500 series ("8500 Printers") [between January 1, 2009 and
26  April 30, 2010]. Excluded from the Class are Defendant Hewlett-Packard Company ("HP" or "Defendant"), Defendant's officers, directors and employees, the trial
27  judge in this case and those who purchased for the purpose of resale.

28  

9
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

ECF No. 72 at 1. Plaintiff also seeks to be appointed Class Representative, and for his counsel to be appointed Class Counsel. *Id.* HP filed an opposition on February 10, 2012. *See* ECF No. 91-2 (proposed public redacted version). Plaintiff submitted a reply brief on February 24, 2012. *See* ECF No. 94-2 (proposed public redacted version).

### B. Legal Standard

Class certification of Plaintiff's claims is governed by Rule 23 of the Federal Rules of Civil Procedure. Whether or not to certify a class is within the discretion of the Court. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union*, AFL–CIO CLC v. ConocoPhilips Co.*, 593 F.3d 802, 807 (9th Cir. 2010).

Under Rule 23(a), Plaintiff must establish that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are typically referred to as the numerosity, commonality, typicality and adequacy requirements. "The United States Supreme Court requires district courts to engage in a 'rigorous analysis' of each Rule 23(a) factor when determining whether plaintiffs seeking class certification have met the requirements of Rule 23." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

Plaintiff bears the burden of establishing that all four requirements of Rule 23(a) are met, as well as one requirement of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Here, Plaintiff seeks certification pursuant to 23(b)(3), which allows the Court to certify the class if it finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The Rule 23(b)(3) predominance inquiry" is meant to "tes[t] whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623

10
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

(1997). The Ninth Circuit has held that "there is a clear justification for handling the dispute on a representative rather than an individual basis" if "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication . . . ." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

### C. Analysis

HP argues, and Plaintiff does not dispute, that the Ninth Circuit's recent decision in *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. Jan. 12, 2012), precludes class certification here.[2] Indeed, Plaintiff acknowledges that *Mazza* is "controlling law" and "is likely to result in denial of this Motion." Reply 1. Plaintiff also acknowledges that "[a]pplying *Mazza* to this case would . . . preclude a nationwide class." *Id.* at 11. Nevertheless, Plaintiff "asks the Court to rule on the remaining elements in order to guide the parties and create a record for any eventual appeal." *Id.* at 1. The Court agrees that *Mazza* controls and forecloses the certification of the proposed nationwide class. However, the Court declines Plaintiff's invitation to issue an advisory opinion.

*Mazza* is materially indistinguishable from this case and is therefore controlling. In *Mazza*, a split panel of the Ninth Circuit reversed the district court's certification of a nationwide class, which, as here, asserted claims under the UCL and the CLRA. Specifically, the *Mazza* plaintiffs alleged that "Honda misrepresented and concealed material information in connection with the marketing and sale of Acura RL vehicles equipped with the [Collision Mitigation Braking System ("CMBS")]." *Mazza*, 666 F.3d at 587. The district court certified, under Rules 23(a) and 23(b)(3), "a nationwide class of people in the United States who . . . purchased or leased new or used Acura RL vehicles equipped with the CMBS." *Id.* The majority found that "the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their car in different jurisdictions with materially different consumer protection laws." *Id.* at

---

[2] Two days before the hearing on this motion, Plaintiff filed a notice of recent authority informing the Court of the Central District of California's recent decision in *Bruno v. Eckhart Corp.*, Case No. 11-CV-0173-DOC, 2012 WL 752090 (C.D. Cal. Mar. 6, 2012). ECF No. 98. With all due respect to the Central District, as discussed below, this Court is bound by the Ninth Circuit's decision in *Mazza* and declines to follow *Bruno*.

11
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

590. The majority further held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.* at 594. Finally, the majority concluded that "[b]ecause the law of multiple jurisdictions applies here to any nationwide class of purchasers or lessees of Acuras including a CMBS system, variances in state law overwhelm common issues and preclude predominance for a single nationwide class." *Id.* at 597. Plaintiff offers no argument, other than asserting that *Mazza* was wrongly decided, to circumvent *Mazza*'s holding, which precludes the certification of a nationwide class asserting claims under the UCL and the CLRA. Moreover, although the plaintiffs in *Mazza* have filed for rehearing *en banc*, the *Mazza* majority's opinion continues to be, as Plaintiff acknowledges, binding on this Court. Accordingly, Plaintiff's motion for class certification is DENIED.

However, because "an order that grants or denies class certification may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(3), the denial is without prejudice. The Court gives Plaintiff leave to file an amended complaint to comply with *Mazza* and renew its motion for class certification thereafter. Plaintiff must file his amended complaint within 30 days and a renewed motion for class certification within 90 days of this Order. The Court will set a new case schedule at the March 15, 2012 case management conference.

The Court need not reach the other class certification requirements under Rule 23, or whether Plaintiff and his counsel are an appropriate Class Representative and Class Counsel, respectively. As the Ninth Circuit has held, "courts should not render advisory opinions upon issues which are not pressed before the court, precisely framed and necessary for decision." *United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 214 (9th Cir. 1989). A finding that common questions do not predominate is sufficient to deny the certification of the proposed nationwide class here. Thus, any discussion of the other class certification requirements or the suitability of Plaintiff and his counsel as Class Representative and Class Counsel would not be necessary for the determination of Plaintiff's Motion for Class Certification. Accordingly, the Court does not reach these other issues.

12
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS

### III. Conclusion

In summary, for the foregoing reasons, the Court rules as follows:

1. Plaintiff's first sealing motion is GRANTED IN PART and DENIED IN PART as set forth above.
2. Plaintiff's motion to remove incorrectly filed documents is GRANTED.
3. Plaintiff's second sealing motion is DENIED WITH PREJUDICE IN PART and DENIED WITHOUT PREJUDICE IN PART as set forth above.
4. HP's sealing motion is GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART, and DENIED WITH PREJUDICE IN PART as set forth above.
5. HP's motion to file a surreply is DENIED.
6. Plaintiff's motion for class certification is DENIED WITHOUT PREJUDICE. Plaintiff shall file an amended complaint within 30 days and a renewed motion for class certification within 90 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: March 14, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

13
Case No.: 5:10-cv-02176-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER RE RELATED ADMINISTRATIVE MOTIONS